1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7                           FOR THE DISTRICT OF ARIZONA

8

9   Nelson Tolbert,                        )   No. CV 06-0141-PHX-NVW (ECV)
                                           )
10             Petitioner,                 )   **REPORT AND RECOMMENDATION**
                                           )
11  vs.                                    )
                                           )
12                                         )
    Captain Stang, et al.,                 )
13                                         )
               Respondents.                )
14                                         )
    _____       )
15

16  TO THE HONORABLE NEIL V. WAKE, UNITED STATES DISTRICT JUDGE:

17         Petitioner Nelson Tolbert has filed a *pro se* Petition for Writ of Habeas Corpus

18  pursuant to 28 U.S.C. § 2254 in which he challenges his state court convictions for child

19  molestation.  Doc. #1.

20                              **BACKGROUND**

21         Following a jury trial in Maricopa County Superior Court in 2001, Petitioner was

22  convicted of three counts of Molestation of a Child.  Doc. #10, Exh. P.  At the sentencing

23  hearing on February 16, 2001, Petitioner was sentenced to prison for a total of 34 years.  Id.

24         On direct appeal, Petitioner's counsel filed an Anders brief indicating that after

25  searching the record, she could find no arguable issue of law that was not frivolous.  Doc.

26  #10, Exh. T.  Counsel requested and was granted leave for Petitioner to file a *pro se*

27  supplemental brief, but Petitioner did not file anything.  Doc. #10, Exh. U, V.  On February

28  7, 2002, the Arizona Court of Appeals affirmed the convictions and sentences in a

1  Memorandum Decision.  Doc. #10, Exh. W.  Petitioner did not file a petition for review in

2  the Arizona Supreme Court.  Doc. #10, Exh. X.

3  　　　　On April 23, 2002, Petitioner filed a Notice of Post-Conviction relief and the trial

4  court appointed counsel.  Doc. #10, Exh. Y, Z.  Petitioner's counsel filed a Notice of

5  Completion of Post-Conviction Review on July 2, 2002, in which counsel concluded after

6  reviewing the record that there were no colorable claims to raise on Petitioner's behalf.  Doc.

7  #10, Exh. AA.  Petitioner was granted the opportunity to submit a *pro se* petition for post-

8  conviction relief.    Doc. #10, Exh. BB.  Petitioner filed a form petition in which he simply

9  checked boxes but failed to provide any facts to support the claims.  Doc. #10, Exh. CC.

10  However, the trial court granted a hearing to inquire about an allegation in the petition that

11  the trial judge made an "off the record" statement in front of the jury about Petitioner's guilt.

12  Doc. #10, Exh. GG.  After Petitioner's counsel failed to find any support for the allegation,

13  the trial court dismissed the post-conviction proceedings. Doc. #10, Exh. II, MM.  Petitioner

14  filed a Petition for Review to the Arizona Court of Appeals, which was denied on May 26,

15  2005. Doc. #10, Exh. TT, VV.  Petitioner's subsequent Petition for Review to the Arizona

16  Supreme Court was denied on December 5, 2005.    Doc. #10, Exh. WW, YY.

17  　　　　Petitioner filed his Petition for Writ of Habeas Corpus in this court on January 13,

18  2006. Doc. #1. Petitioner alleges three grounds for relief: (1) that the trial judge violated his

19  code of ethics and deprived Petitioner of a fair trial by telling the jury that if the victim says

20  the defendant did it, then he did it; (2) that his attorney provided ineffective assistance of

21  counsel by failing to object to the judge's remarks; and (3) that the trial court unlawfully

22  applied a sentence enhancement which resulted in a sentence outside the normal range.

23  Respondents filed an Answer to Petition for Writ of Habeas Corpus on April 24, 2006. Doc.

24  #14.  Petitioner has not filed a reply**.**

25

26

27

28

1

2                                    **DISCUSSION**

3          Respondents contend in their answer that Petitioner has procedurally defaulted on

4   ground two of his petition by failing to exhaust state court remedies.  They further argue that

5   grounds one and three should be rejected on the merits.

6   **A.     Merits Analysis**

7          **1.     AEDPA Standard of Review**

8          Under the AEDPA[1], a federal court "shall not" grant habeas relief with respect to "any

9   claim that was adjudicated on the merits in State court proceedings" unless the State court

10  decision was (1) contrary to, or an unreasonable application of, clearly established federal

11  law as determined by the United States Supreme Court; or (2) based on an unreasonable

12  determination of the facts in light of the evidence presented in the State court proceeding.

13  28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-413 (2000) (O'Connor, J.,

14  concurring and delivering the opinion of the Court as to the AEDPA standard of review).

15  "When applying these standards, the federal court should review the 'last reasoned decision'

16  by a state court ...." Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

17         A state court's decision is "contrary to" clearly established precedent if (1) "the state

18  court applies a rule that contradicts the governing law set forth in [Supreme Court] cases,"

19  or (2) "if the state court confronts a set of facts that are materially indistinguishable from a

20  decision of [the Supreme Court] and nevertheless arrives at a result different from [its]

21  precedent."   Taylor, 529 U.S. at 405-06.   "A state court's decision can involve an

22  'unreasonable application' of Federal law if it either (1) correctly identifies the governing rule

23  but then applies it to a new set of facts in a way that is objectively unreasonable, or (2)

24  extends or fails to extend a clearly established legal principle to a new context in a way that

25  is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002).

26

27  _____

28         [1] Antiterrorism and Effective Death Penalty Act of 1996.

1

### 2. Ground One

2    Petitioner contends that the trial judge violated the code of ethics and the right to a fair
3 trial by making "off the record" comments to the jury.  He alleges that the judge told the jury
4 that regardless of what Petitioner said, if the victim said he did it, then he did.  Petitioner
5 raised this issue in his petition for post-conviction relief.  Even though Petitioner offered no
6 affidavits or other support for his contention, the trial judge set a hearing to further inquire
7 about the allegation.  Doc. #10, Exh. GG.  Petitioner's post-conviction counsel reviewed the
8 entire record and contacted Petitioner's attorney at trial, the prosecuting attorney and a court
9 reporter to inquire about the allegation, but found nothing to substantiate the allegation.  Doc.
10 #10, Exh. II.

11    Based on the absence of any supporting evidence, the trial court  issued an order
12 denying the petition for post-conviction relief.  Doc. #10, Exh. MM.  The order explains that
13 Petitioner's counsel was unable to find any support for Petitioner's allegation.  In addition,
14 the judge stated in the order that he had no memory of making the statement alleged by
15 Petitioner.  He explained that during the trial, he is never present with the jurors except in
16 open court when both attorneys, the defendant, the court reporter and court clerk are also
17 present.  The judge found that if he had made such a statement to the jury, someone else
18 would have heard him.  Because Petitioner nor his counsel identified anyone else who heard
19 the statement, the court concluded that the allegation was unsubstantiated and the petition
20 was dismissed.

21    As in his post-conviction petition, Petitioner presents nothing in his federal habeas
22 petition to support the allegation.  He simply asserts that the judge made the improper
23 statement to the jury.  Absent any support for the allegation, Petitioner cannot show that the
24 state court erred when it denied this claim.  Petitioner has not demonstrated that the trial
25 court's order on post-conviction relief was contrary to, or an unreasonable application of,
26 clearly established federal law as determined by the United States Supreme Court or that the
27 order was based on an unreasonable determination of the facts.  This court will therefore
28 recommend that Petitioner's claim in ground one be denied.

1          **3.      Ground Two**

2          Petitioner contends in ground two that his trial attorney provided ineffective assistance

3    of counsel by failing to object to the trial judge's remark to the jury.  He further claims that

4    his trial attorney and his appellate lawyers failed to question the members of the jury about

5    the alleged remark.  Despite Respondents' contention that Petitioner failed to properly

6    exhaust this claim in the state courts, the court will address it on the merits.  See  28 U.S.C.

7    § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits,

8    notwithstanding the failure of the applicant to exhaust the remedies available in the courts

9    of the State.").

10          The two-prong test for establishing ineffective assistance of counsel was established

11   by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an

12   ineffective assistance claim, a convicted defendant must show (1) that counsel's

13   representation fell below an objective standard of reasonableness, and (2) that there is a

14   reasonable probability that, but for counsel's unprofessional errors, the result of the

15   proceeding would have been different. Strickland, 466 U.S. at 687-88.  There is a strong

16   presumption that counsel's conduct falls within the wide range of reasonable assistance.

17   Strickland, 466 U.S. at 689-90.

18          As explained in the previous section, there is no factual support, other than Petitioner's

19   own self-serving allegation, that the trial judge made an improper statement to the jury about

20   Petitioner's guilt.  Petitioner's attorney for post-conviction relief spoke to Petitioner's trial

21   counsel and he provided no support for the allegation.  Trial counsel could not be expected

22   to raise an objection to something he knows nothing about.  Petitioner has not shown that his

23   trial attorney had any knowledge of the alleged statement.  Thus, there is no factual basis to

24   support an ineffective assistance claim.

25          Similarly, there is no basis to find that appellate or post-conviction counsel was

26   ineffective for failing to contact and question the members of the jury.  The trial judge

27   explained that he was never alone with the jury, and therefore any statements made to the

28   jury would have been heard by the lawyers and court staff.  Absent any evidence that the

1    lawyers or court staff heard the statement, there was no reason to pursue the issue any further

2    by contacting members of the jury.  Petitioner has not shown that his attorneys provided

3    ineffective assistance of counsel.  The court will therefore recommend that the claim be

4    denied.

5            **4.    Ground Three**

6            Petitioner contends in ground three that based on a change in the law he is entitled to

7    have his sentence reviewed.  He contends that his sentence was enhanced beyond the normal

8    range.  Petitioner appears to be alleging that his sentence violates Blakely v. Washington,

9    542 U.S. 296 (2004).  However, in Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005), the

10   Ninth Circuit held that Blakely does not apply retroactively to convictions that were already

11   final when it was decided.

12           Here, the Arizona Court of Appeals issued the Order and Mandate at the conclusion

13   of direct review on March 25, 2002.  Doc. #10, Exh. X.  Thus, Petitioner's conviction was

14   final long before Blakely was decided on June 24, 2004.  Because Blakely does not apply to

15   convictions that were final before it was decided, it does not apply here.  Accordingly, the

16   court will recommend that Petitioner's Blakely claim in ground three be denied.

17   **B.    Conclusion**

18           Having concluded that Petitioner's claims in grounds one, two and three are without

19   merit, the court will recommend that the petition be denied.

20   **IT IS THEREFORE RECOMMENDED:**

21           That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1)

22   be **DENIED** and **DISMISSED WITH PREJUDICE**;

23           This recommendation is not an order that is immediately appealable to the Ninth

24   Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

25   Appellate Procedure, should not be filed until entry of the district court's judgment.  The

26   parties shall have ten days from the date of service of a copy of this recommendation within

27   which to file specific written objections with the Court.  See, 28 U.S.C. § 636(b)(1); Fed. R.

28   Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have ten days within which to file a

1  response to the objections.  Failure to timely file objections to the Magistrate Judge's Report

2  and Recommendation may result in the acceptance of the Report and Recommendation by

3  the district court without further review.  See United States v. Reyna-Tapia, 328 F.3d 1114,

4  1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of the

5  Magistrate Judge will be considered a waiver of a party's right to appellate review of the

6  findings of fact in an order of judgement entered pursuant to the Magistrate Judge's

7  recommendation.  See Fed. R. Civ. P. 72.

8      DATED this 6th day of March, 2007.

9

10

11

12

13

14

15

16

17

18  _____
                   Edward C. Voss
19              United States Magistrate Judge

20

21

22

23

24

25

26

27

28